**Lori SPANO; et al., Plaintiffs,**

and

**Charles Burr; et al., Plaintiffs—Appellants,**

v.

**SAFECO CORPORATION; et al., Defendants—Appellees.**

No. 04–35313.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted March 8, 2005.

Decided Aug. 4, 2005.

Steve D. Larson, Esq., Scott A. Shorr, Esq., Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, for Plaintiffs—Appellants.

John A. Bennett, Esq., Lisa E. Lear, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Defendants—Appellees.

Before REINHARDT, BERZON, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Plaintiffs[1] appeal from the district court's grant of summary judgment to all defendants. First, with regard to SAFE-CO Insurance Company of Oregon, SAFE-CO Insurance Company of Illinois, and American States Insurance Company, the district court granted summary judgment on the ground that, under the Fair Credit Reporting Act ("FCRA"), in cases involving an initial policy of insurance a "single initial charge for the insurance coverage" cannot give rise to an "increase in any charge" under FCRA. In light of *Edo v. GEICO Casualty Co.*, No. 04–35279, we reverse that holding and remand. Second, with respect to SAFECO Insurance Company of America, the district court reasoned "only the entities that contracted with the Plaintiffs and issued their policies could deny, cancel, increase the charge for, or reduce or change the terms of Plaintiffs' insurance." Again we reverse in light of *Edo*. Third, defendants ask that we affirm on the alternative ground that their conduct was not willful under the Fair Credit Reporting Act. Again, defendants' arguments fail in light of *Edo*. Finally, the district court did not reach the issue of a statute of limitations bar to plaintiff Massey's claim. We remand that issue for consideration to the district court in the first instance.

**REVERSED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that plaintiff Lori Spano is not a party to this appeal.